# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| J. S. McCARTHY CO., INC., d/b/a ) | |
| J. S. McCARTHY PRINTERS, ) | |
| ) | |
|     *Plaintiff* ) | |
| ) | |
| v. ) | *Docket No. 04-107-B-DMC* |
| ) | |
| BRAUSSE DIECUTTING & ) | |
| CONVERTING EQUIPMENT, INC., ) | |
| ) | |
|     *Defendant* ) | |

## *MEMORANDUM DECISION ON DEFENDANT'S MOTIONS IN LIMINE*

The defendant, Brausse Diecutting & Converting Equipment, Inc., has filed six motions *in limine* raising various issues of which it seeks resolution before trial. I will consider each in turn.

### I. Motion to Exclude Expert Testimony

The defendant moves to "exclude the expert designation" by the plaintiff of William White, the plaintiff's chief operating officer, as an expert witness. Defendant's Motion in Limine to Exclude Plaintiff's Expert Designation, etc. ("First Motion") (Docket No. 25) at 1. It contends that White's proposed testimony is unreliable. *Id*. at 2. The plaintiff asserts that it designated White as an expert witness "out of an abundance of caution" "in the event that portions of his testimony are considered to be opinion rather than factual." Plaintiff's Objection to Defendant's Motion in Limine to Exclude Plaintiff's Expert Designation, etc. ("First Opposition") (Docket No. 34) at 1.

The plaintiff states that White is expected to provide the following expert opinion testimony:

> [T]he machine delivered by [the defendant] contained numerous mechanical failures and failed to meet the performance expectations represented by [the defendant] or perform as would reasonably be expected of a new piece of

1

> post-printing equipment. He is also expected to comment on and discuss the fact that the Brausse machine's inferior quality resulted in the machine not functioning properly to the extent that . . . [the plaintiff] could not rely on it to meet its obligations to its customers. He is further expected to testify that he has never experienced another printing machine of any type that exhibited so many chronic component failures immediately after installation.

*Id*. at 2. The final sentence of this description does not constitute expert opinion testimony.

The defendant contends that this testimony would be so unreliable that it must be excluded because White has no experience with machines similar to the one at issue in this case. First Motion at 3. Specifically, it cites White's deposition testimony to the effect that he has never repaired such a machine, does not know of any industry specifications or performance standards for such a machine and has experience with only two such machines, the one at issue and the one the plaintiff purchased to replace it. *Id*.

Federal Rule of Evidence 702, the rule applicable to this dispute, provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony if based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

F. R. Evid. 792. The fact that White, in his 22 years in the printing business, First Motion at 3, during which he supervised the installation and operation of more than 50 major pieces of printing equipment, had never repaired the specific machine at issue in this case and only had personal experience with two such machines, is not determinative. "Rule 702 is not so wooden as to demand an intimate level of familiarity with every component of a . . . device as a prerequisite to offering expert testimony." *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 80 (1st Cir. 2004). An expert qualified by knowledge, skill, experience, training or education "need not have had first-hand dealings with the precise type of event that is at issue." *Id*. White, who negotiated the purchase of the machine

at issue, First Motion at 3, is sufficiently qualified to testify on the question whether the machine met the performance standards it was represented by the defendant to meet. The defendant's objections to White's proposed testimony go to its weight rather than its admissibility. *See generally Poulis-Minott v. Smith*, 388 F.3d 354, 359-60 (1st Cir. 2004); *Diefenbach v. Sheridan Transp.*, 229 F.3d 27, 30-31 (1st Cir. 2000).

The motion to exclude White's opinion testimony is denied.

## II. Consequential Damages

The defendant contends that the plaintiff is barred from claiming consequential damages by the warranty provision of the written contract between the parties and by the lack of evidence of such damages. Defendant's Motion *In Limine* to Exclude Evidence of Consequential Damages, etc. ("Second Motion") (Docket No. 76) at 1, 3. The plaintiff responds that the contract limits consequential damages only for breach of warranty and that it will submit sufficient evidence of such damages. Plaintiff's Opposition to Defendant's Motion in Limine to Exclude Evidence of Consequential Damages, etc. ("Second Opposition") (Docket No. 84) at 2, 4-5.

The defendant relies on the following contract language: "Consequential damages for breach of warranty where the claimed loss is commercial are excluded." Second Motion at 1. As the plaintiff notes, Second Opposition at 2, this language on its face applies only to claims for breach of warranty. Only one of the three remaining counts in the complaint is based on breach of warranty. The defendant suggests no reason why this language should be read to apply to counts for breach of contract and revocation of acceptance as well.[1]

---

[1] The plaintiff's contention that the contractual limitation is ambiguous because the term "where the loss is commercial" is undefined or unexplained and must therefore be interpreted by the jury, Second Opposition at 2-3, fares less well. The Uniform Commercial Code uses this term to distinguish consumer goods from all others. 11 M.R.S.A. § 2-719(3).

The plaintiff contends that the circumstances of the defendant's breach of warranty entitle it to recover consequential damages for that breach as well, regardless of the contractual bar. *Id*. at 3-4. This is so, it asserts, because the limitation operates in an unconscionable manner in this case. *Id*. The limitation would be unconscionable if applied to the plaintiff's breach of warranty claim, it contends, because the defendant "knowingly and intentionally delivered a machine that was different from the machine promised . . . ." *Id*. at 3. The plaintiff cites no authority in support of this proposition, citing only the provision of the Uniform Commercial Code, 11 M.R.S.A. § 2-719(2), which provides that an exclusive or limited remedy may be disregarded where circumstances cause it to fail of its essential purpose, Second Opposition at 4. The plaintiff also avers that "[t]his contract allows only the limited remedy of fixing the machine. In the instant matter, Brausse was unsuccessful in fixing the machine in six months of trying." *Id*. No evidentiary support is provided by the plaintiff for either of the quoted factual assertions on which the plaintiff's opposition is based. If true, such facts could void the asserted contractual limitation of damages. *See, e.g., R. W. Murray Co. v. Shatterproof Glass Corp.*, 758 F.2d 266, 272-73 (8th Cir. 1985); *Beal v. General Motors Corp.*, 354 F. Supp. 423, 426 (D. Del. 1973). I do not find persuasive the case law from other jurisdictions cited by the defendant to the effect that the failure of an exclusive contractual remedy to serve its essential purpose does not automatically invalidate a limit on consequential damages, *e.g., McNally Wellman Co. v. New York State Elec. & Gas Corp.*, 63 F.3d 1188, 1197 (2d Cir. 1995); *Smith v. Navistar Int'l Trans. Corp.*, 957 F.2d 1439, 1442-44 (7th Cir. 1992); although I note that the courts in those jurisdictions will not enforce the limit on consequential damages where the limit is unconscionable, *see McNally* at 1198; *Navistar* at 1444. Resolution of this portion of the motion *in limine* must be deferred until trial, when the relevant evidence has been presented.

Finally, the defendant contends that the plaintiff cannot present any admissible evidence of consequential damages. Second Motion at 3-5. This is so, it asserts, because the plaintiff first produced the evidence on which it relies to establish its consequential damages after the close of discovery and because the evidence "contain[s] no information concerning the amount of time and/or materials [the plaintiff] *actually* used on a particular job" and "draw[s] absolutely no connections to any alleged problems with the Machine." *Id*. at 4-5 (emphasis in original). This court has already ruled that the late production of this evidence was harmless and does not provide a basis for its exclusion. Recommended Decision on Defendant's Motion for Partial Summary Judgment and Memorandum of Decision on Defendant's Motion, in the Alternative, to Exclude (Docket No. 46) at 8-11. Judge Kravchuk also recommended in that decision that summary judgment on the defendant's claim that the plaintiff had not offered sufficient evidence of consequential damages be denied. *Id*. at 7-8. The recommended disposition was adopted by the court. Docket No. 58. Accordingly, the doctrine of law of the case prohibits reconsideration of these arguments. *Abbadessa v. Moore Bus. Forms, Inc.*, 987 F.2d 18, 22 (1st Cir. 1993).

### III. Parol Evidence

The defendant seeks exclusion of "any reference to pre-contractual negotiations between the parties," any reference to the machine at issue as "counterfeit" or a "knock-off" and any discussion of whether the machine was manufactured by "SBL" or some other entity. Defendant's Motion *In Limine* to Exclude Parol Evidence, etc. (Docket No. 77) at 2. Such evidence would violate the parol evidence rule, the defendant asserts, because "the factfinder need only look to the terms of the unambiguous Contract vis-à-vis the Machine's performance," *id*., in order to determine whether the contract was breached. This argument does not appear to apply to the claims for breach of warranty and revocation of acceptance. In support of its position the defendant states that "[t]he Contract in this

case is unambiguous; it clearly sets forth the specifications and performance criteria for the Machine . . . ." *Id*. at 1.

The plaintiff responds that the contract specified delivery of "an SBL 1050SEF," and that evidence concerning the negotiation of the contract will "help[] to define what the term SBL 1050SEF meant as it is used in the sales agreement and help to define the performance to be expected of the machine."  Plaintiff's Opposition to Defendant's Motion in Limine to Exclude Parol Evidence, etc. (Docket No. 87) at 2.  It denies that the presentation of such evidence would represent an attempt to create an ambiguity in the contract because "there is a basic dispute in this case whether the contract's reference to 'SBL 1050SEF' refers to a machine manufactured by SBL or a machine manufactured by Eterna."  *Id*.  The plaintiff takes the position that the defendant delivered a machine that was not an SBL 1050SEF.  *Id*. at 3.

I am not persuaded, based on the brief presentations by the parties on this issue, that the evidence at issue does not seek to explain an ambiguity in the contract.  Indeed, that appears to be the only basis upon which this evidence would be admissible.  It is clear from the submissions of the parties that they interpret the term at issue quite differently.  From all that appears at the present time, without consideration of the proposed evidence, both interpretations of the term are reasonable, and the plaintiff's view, interpreting the term as referring to a specific machine, appears on its face to be the more reasonable of the two. The parol evidence rule exists to prevent one party from substituting its view of the obligations imposed by a contract for those "clearly stated."  *Federal Marine Terminals, Inc. v. Worcester Peat Co.*, 262 F.3d 22, 28 (1st Cir. 2001) (citations omitted).  I cannot find as a matter of law at this time that the obligation imposed in the contract by the term "an SBL 1050SEF" is "clearly stated."  Therefore, the motion is denied.[2]

---

[2] The defendant offers no other basis on which to prevent the plaintiff from referring to the machine it delivered as "counterfeit" or "a
(*continued on next page*)

### IV.  Different Machine

The defendant contends that the plaintiff should not be allowed to introduce evidence about a machine that it purchased from another distributor some time after it purchased the machine at issue from the defendant because such evidence would be "entirely irrelevant to Plaintiff's claim for breach of contract," as well as its claim for breach of warranty.  Defendant's Motion *In Limine* to Exclude Evidence Regarding Different Machine, etc. (Docket No. 78) at 1.  In addition to this conclusory argument, the defendant contends, somewhat cryptically, that the plaintiff "has not produced any evidence regarding the different machine, and the deadline for doing so has long since passed." *Id*.

The plaintiff responds that such evidence is relevant to the substance of its claims and to the determination of its damages.  Plaintiff's Opposition to Defendant's Motion in Limine to Exclude Evidence Regarding Different Machine, etc. (Docket No. 85) at 1-2.  It also notes, correctly, that the defendant has failed to "identify any affirmative obligation that would require" the plaintiff to provide evidence regarding this machine to the defendant at any particular time.  *Id*. at 3.  I will not consider the defendant's timeliness argument any further.

I conclude, based on what little information the defendant has provided in support of its position, that the evidence at issue appears to be relevant to the plaintiff's claims.  The motion is denied.

---

knock-off."

## V.  Late Delivery

The defendant, conceding that the machine at issue was delivered one month later than the contract at issue specified, moves to exclude evidence of that fact because, it asserts, the plaintiff "has admitted that [it is] not seeking any damages for that one-month period." Defendant's Motion *In Limine* to Exclude Evidence Regarding Late Delivery, etc. (Docket No. 79) at 1. The defendant does not indicate where, when or under what circumstances the plaintiff admitted this. The defendant also contends that the date of delivery of the machine is irrelevant to claims based on the machine's performance. *Id*.

The plaintiff responds that it has "<u>never</u> stated that it is not seeking damages related to the late delivery" and that it does seek damages allegedly resulting from the delay in delivery. Plaintiff's Opposition to Defendant's Motion in Limine to Exclude Evidence Regarding Late Delivery, etc. (Docket No. 86) at 1. In the absence of any record evidence to the contrary, I must accept this assertion for purposes of the instant motion. The plaintiff also asserts that it contends that the late delivery was one of "multiple" actions by the defendant that breached the contract. *Id*. at 2. Again, on the information presented, I can only accept the plaintiff's representation. The motion is accordingly denied.

## VI.  Bench Trial

Asserting that "there simply are no issues to be resolved by a jury," the defendant requests that this case be tried by the court, despite the plaintiff's demand for a jury trial. Defendant's Motion *In Limine* Requesting a Bench Trial, etc. (Docket No. 80) at 1. It contends the "[t]he Contract in this case is unambiguous, leaving no need for factual analysis by a jury." *Id*. I have determined, in connection with the motion concerning parol evidence, that at least one term of the contract is ambiguous. The defendant also contends that there is no question of the amount of damages, because

"consequential damages are not an available remedy." *Id*. I have concluded otherwise. Thus, the fact that revocation of acceptance is an equitable remedy does not require that this case be tried to the court. As the plaintiff notes, Plaintiff's Opposition to Defendant's Motion in Limine Requesting a Bench Trial, etc. (Docket No. 83) at 1, this court determined in its ruling on the defendant's second motion for summary judgment that triable issues of fact related to the remaining claims existed. Recommended Decision on Motion for Summary Judgment (Docket No. 60) at 10-13, 16-18; Order on Report and Recommended Decision (Docket No. 64). The defendant offers no reason why this ruling should be reversed. The motion for a bench trial is denied.

### VII. Conclusion

For the foregoing reasons, the defendant's motion to exclude expert testimony and its five motions in limine are **DENIED.**

Dated this 19th day of September, 2005.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge